IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE LUIS ARREOLA-VILLA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION<br><br><br><br>Case No. 2:11-CR-647 TS |

This matter is before the Court on Defendant's Motion for Review of Detention. The Court held a hearing on the Motion on October 24, 2011. For the reasons set forth below, the Court will deny the Motion and order Defendant be detained pending trial.

I. BACKGROUND

Defendant Jose Luis Arreola-Villa is charged, along with a number of co-defendants, in a Superseding Indictment with conspiracy to manufacture a controlled substance by cultivation, manufacture of a controlled substance by cultivation, and possession of a firearm in furtherance of a drug trafficking crime.

1

Defendant appeared before the Magistrate Judge on August 3, 2011, and was ordered detained pending trial. Defendant filed the instant Motion on September 22, 2011, seeking a review of his detention order. In support of his Motion, Defendant states that he is a lawful permanent resident of the United States and has been since at least 1987. Defendant further states that he has no prior criminal record and has a proven employment history.

## II. LEGAL STANDARD

The Court considers Defendant's request for a review of the magistrate judge's order detaining the defendant under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[1] The Court conducts its own de novo review of the detention issue giving no deference to the magistrate judge's findings or conclusions.[2] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[3]

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or

---

[1]"Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant. . . ."

[2]DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[3]*Lutz*, 207 F. Supp. 2d at 1251.

2

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[4]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A)-(B) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . [or] (B) an offense under section 924(c) . . . ."

In this case, Defendant is charged with both an offense for which a maximum term of imprisonment of ten years of more is prescribed under the Controlled Substances Act and an offense under 18 U.S.C. § 924(c). The grand jury indictment is sufficient to establish the finding of probable cause under § 3142(e)(3).[5] Thus, in this matter, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[6]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any

---

[4] 18 U.S.C. § 3142(b),(c), and (e).

[5] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[6] *Id*. at 1354-55.

other person or to the community by clear and convincing evidence.[7] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> 
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[8]

III. DISCUSSION

The Court will consider these factors in turn. First, the Court considers the nature and circumstances of the offense involved, including whether the offense involves a controlled substance or a firearm. As set forth above, Defendant is charged with conspiracy to manufacture a controlled substance by cultivation, manufacture of a controlled substance by cultivation, and possession of a firearm in furtherance of a drug trafficking crime. These charges involve both controlled substances and firearms and, as stated, invoke a presumption in favor of detention. Further, these offenses carry with them harsh penalties.

---

[7]*Cisneros*, 328 F.3d at 616.

[8]18 U.S.C. § 3142(g).

4

Second, the Court considers the weight of the evidence against Defendant. At the hearing on his Motion, Defendant admitted that there is probable cause to support the charges against him. The evidence against Defendant is strong as he was apprehended at the site of a marijuana cultivation operation.

Third, the Court considers the history and characteristics of Defendant. In his Motion and at the hearing, Defendant reported that he is a lawful permanent resident and that he had a proven history of employment in the United States. Defendant argued that these facts weigh in favor of release. The Court notes, however, that the majority of Defendant's family, including his wife and children, reside in Mexico, and that Defendant returns to Mexico when he is not working to reside with his family. Therefore, Defendant's ties to the United States are extremely limited. Further, the Court notes that Defendant does have a criminal history, though it is rather minor and relatively old.

Considering all of these things, as well as the presumption in favor of detention, the Court finds that there are no conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community. Defendant has few ties to the United States. Though Defendant is a lawful permanent resident and has engaged in verifiable employment while in the United States, the Court finds that the risk of flight, especially when coupled with the harsh potential penalties at issue in this case, is simply too great to be managed. Therefore, the Court will order continued detention pending trial.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Detention (Docket No. 316) is DENIED. Defendant is ordered detained pending trial.

DATED   October 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge